IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PERRY WILLIAMS                                                                                          PETITIONER
Reg #09800-042

v.                              Case No. 2:13-CV-00137 JLH-JTK

ANTHONY HAYNES, *Warden*,
FCI-Forrest City                                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Perry Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry #1, Petition) Petitioner is a federal prisoner incarcerated in Forrest City (Arkansas). He was convicted in 1993 of conspiracy to distribute narcotics, and he was sentenced by the United States District Court for the Northern District of Mississippi (Oxford Division) to life imprisonment. *United States v. Perry Williams*, Case No. 4:93CR00021-002 GHD-DAS (N.D. Miss. 1993). In 2011, Petitioner received a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2) from life to 360 months.

Beginning in 1997, Petitioner filed a litany of motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Williams v. United States*, Case Nos. 3:97CV00060 GHD and 4:93CR00021-002 GHD-DAS, 1998 WL 378374 (N.D. Miss. 1998). The initial motion was denied by the district court and affirmed on appeal by the Fifth Circuit Court of Appeals. *United States v. Williams*, 204 F.3d 1115 (5th Cir. 1999). Permission to submit a successive motion under 28 U.S.C. § 2255 was

denied.

In the current petition, Petitioner does not challenge his federal conviction or sentence but instead seeks to challenge a February 1988 Mississippi state conviction for aggravated assault on grounds of ineffective assistance of counsel and actual innocence. He claims that this 1988 conviction was used to enhance his federal sentence. In a Response filed December 18, 2013, Respondent asserts that the Court lacks subject matter jurisdiction over Petitioner's petition because he is not challenging the execution of his federal sentence nor the conditions of his confinement in the Bureau of Prisons, but he is instead challenging the validity of a 1988 conviction in Washington County, Mississippi. (Docket Entry #5, Response)

In Reply, Petitioner does not allege that he is still serving the sentence for the 1988 Mississippi assault conviction, only that the conviction was used for purposes of extending his current term of federal imprisonment. Petitioner relies on the Supreme Court's recent case *McQuiggin v. Perkins,* 133 S. Ct. 1924 (2013), claiming that his actual innocence serves as a gateway through which he can overcome his otherwise time-barred claims.[1] He also claims that his prior actions pursuant to 28 U.S.C. § 2255 were inadequate and ineffective.

The federal habeas statutes confer jurisdiction on district courts only when relief is sought by persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. When a prisoner's sentence has fully expired at the time of the filing of a habeas petition, he is not "in custody" pursuant to that conviction or sentence was required by § 2241, and the fact that the

---

[1] In *McQuiggin*, the Supreme Court recognized an equitable exception to the statutory bar on habeas petitions when petitioner makes a "credible showing" of actual innocence. *McQuiggin* held that petitioners attempting to show actual innocence are required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

conviction has been used to enhance a sentence imposed for subsequent crimes is not enough to render him "in custody." *Maleng v. Cook*, 490 U.S. 488, 490-93 (1989). This Court is without jurisdiction to consider claims regarding a sentence that Petitioner completed serving before his present federal conviction. *Love v. Tippy*, 128 F.3d 1258, 1258-59 (8th Cir. 1997).

Furthermore, while Petitioner does not suggest that he is challenging the validity of his current federal sentence as enhanced by the prior Mississippi state conviction, even if he were, he would not entitled to use this § 2241 proceeding to do so. Petitioner is incarcerated in this judicial district but this is not the district where his federal convictions and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); 28 U.S.C. § 2255 ¶¶ 1 (A federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Petitioner has already sought § 2255 relief in the sentencing district and the appropriate Fifth Circuit Court of Appeals, and his request for successive relief was denied. He has not shown that his prior attempts at relief pursuant to § 2255 were inadequate or ineffective to test the legality of his detention, and he is not entitled to proceed under § 2241 simply because he did not obtain relief from the Mississippi district court or the Fifth Circuit Court of Appeals. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a  § 2255 petition").

In summary, this Court lacks jurisdiction to consider this § 2241 habeas petition as a direct challenge to the Mississippi state conviction. *Love*, 128 F.3d at 1258-59. Moreover, to the

extent Petitioner challenges his current federal sentence, this Court also lacks subject matter jurisdiction to consider the § 2241 claims because he has not demonstrated that the § 2255 remedy is ineffective or inadequate. *Abdullah*, 392 F.3d at 964. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (Docket Entry #1) should be denied and dismissed in its entirety.

SO ORDERED this 29th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE